IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVRAZ OREGON STEEL MILLS, INC.,

        Plaintiff,

   v.

CONTINENTAL INSURANCE CO.,

        Defendant/Third-Party Plaintiff,

   v.

INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA,

        Third-Party Defendant/Third Party Plaintiff,

   v.

AMERICAN HOME ASSURANCE CO.,

        Third-Party Defendant/Third Party Plaintiff,

   v.

TIG INSURANCE CO.,

        Third-Party Defendant/Third Party Plaintiff,

   v.

FIREMAN'S FUND INSURANCE CO.,

        Third-Party Defendant.

No. CV 08-447-JE

OPINION AND ORDER

PAGE 1 - OPINION AND ORDER

//

**MOSMAN, J.**,

On January 14, 2009, Magistrate Judge Jelderks issued Findings and Recommendation ("F&R") (#68) in the above-captioned case recommending that I GRANT plaintiff Oregon Steel's Motion for Partial Summary Judgment (#15) to the extent that a general duty to defend is established, GRANT plaintiff's Motion to Stay (#15), and DENY third-party defendant/third-party plaintiff TIG's Motion to Dismiss (#38), which is construed as a motion for summary judgment. Third-party defendant TIG (#69) and third-party defendants/third-party plaintiffs Insurance Company of the State of Pennsylvania and American Home Assurance Co. (#70) filed objections to the F&R.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

//

Judge Jelderks interprets *Fireman's Fund Insurance Co. v. Oregon Automobile Insurance Co.*, 2008 WL 4946279 (9th Cir. 2008) as it applies to this case and finds that factual disputes remain regarding TIG's continued liability under Oregon Revised Statute § 465.480. TIG argues against the use of the *Fireman's Fund* court's interpretation of section 465.480, without ever citing the case, or the district court opinion it overruled. I adopt Judge Jelderks's interpretation of *Fireman's Fund*.

Judge Jelderks identifies several factual disputes, including the dispute discussed above, that preclude granting summary judgment for TIG in this case. The principal factual dispute centers on whether TIG fulfilled its duty of due diligence to Insurance Company of the State of Pennsylvania and American Home Assurance Company as required by *Maine Bonding & Casualty Co. v. Centennial Insurance Co.*, 693 P.2d 1296, 1302 (Or. 1985). Under *Maine Bonding*, "[a] primary insurer owes an excess insurer essentially the same duty of due diligence in claims handling and settlement negotiating it owes to an insured—due care under all the circumstances." *Id.* Factual disputes remain regarding whether TIG used due care under the circumstances in settling with Evraz Oregon Steel Mills, Inc. for $4,500,000 in October 2006, thus turning over all defense costs to the excess insurers.

//
//
//
//
//

PAGE 3 - OPINION AND ORDER

Upon review, I agree with Judge Jelderks's recommendation, and I ADOPT the F&R (#68) as my own opinion.

IT IS SO ORDERED.

DATED this  20th  day of March, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court