IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**EVRAZ OREGON STEEL MILLS, INC,**
**a Delaware corporation**,

    Plaintiff,

    v.

**CONTINENTAL INSURANCE COMPANY,**
**a Pennsylvania corporation**,

    Defendant/Third-Party Plaintiff.

    v.

**INSURANCE COMPANY OF THE STATE**
**OF PENNSYLVANIA, a foreign insurance**
**company**,

    Third-Party Defendant/
    Third-Party Plaintiff,

    v.

**AMERICAN HOME ASSURANCE COMPANY**,

    Third-Party Defendant/
    Third-Party Plaintiff,

    v.

No. CV 08-447-JE

OPINION AND ORDER

1 – OPINION AND ORDER

**TIG INSURANCE COMPANY**,

    Third-Party Defendant/
    Third-Party Plaintiff,

        v.

**FIREMAN'S FUND INSURANCE COMPANY**,

    Third-Party Defendant.

**MOSMAN, J.**,

On January 19, 2011, Magistrate Judge Jelderks issued his Findings and Recommendation ("F&R") (#104) in the above-captioned case recommending that I deny the Motion for Partial Summary Judgment (#82) filed by American Home Assurance Company ("AHAC") and Insurance Company of the State of Pennsylvannia ("ICSOP"). AHAC and ICSOP filed objections (#106) and Continental Insurance Company ("Continental") and Evraz Oregon Steel Mills, Inc. ("Oregon Steel") responded (## 107, 108). For the reasons stated below, I adopt the F&R.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. See *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328

F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R.  28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

ICSOP and AHAC raise two objections meriting further discussion: (1) that the F&R failed to apply horizontal exhaustion; and (2) that the F&R failed to balance the equities of the parties.  Both objections fail.

### I.     Horizontal Exhaustion

ICSOP and AHAC argue that Oregon law applies horizontal exhaustion to excess insurance policies.  (ICSOP's and AHAC's Objections (#106) 2.)  Under the theory of horizontal exhaustion an excess insurance policy is not triggered until all primary policies have been exhausted.

The F&R accurately addresses this claim.  Oregon law requires that insurance disputes be resolved by first looking to the actual policy language to determine the intention of the parties.  *Hoffman Constr. Co. of Alaska v. Fred S. James & Co., of Or.*, 836 P.2d 703, 706 (Or. 1992).  This is exactly what Judge Jelderks did.  The policy language, as explained in the F&R, is inconsistent with horizontal exhaustion, and the policy language controls.  *See, e.g.*, *Cmty. Redev. Agency v. Aetna Cas. & Surety Co.*, 57 Cal. Rptr. 2d 755, 761 n.6 (Cal. Ct. App. 1996) (stating that the language of a policy overcomes the presumption of horizontal exhaustion even in a state where horizontal exhaustion applies).

3 – OPINION AND ORDER

ICSOP and AHAC rely on *Liberty Mutual Insurance Co. v. Truck Insurance Exchange*, 420 P.2d 66 (Or. 1966) to argue that horizontal exhaustion applies. That case has several relevant differences. Most basically, the court in *Liberty Mutual* addressed a fixed amount of damages that was less than the policy limits of the primary insurers. *Id.* at 69. This is relevant because there was no potential for the damages to exhaust the primary insurers' limits.

In contrast, this motion involves the duty to defend. The duty to defend arises whenever it is "possible under the complaint to impose liability for conduct or damage covered by the policy." *Paxton-Mitchell Co. v. Royal Indem. Co.*, 569 P.2d 581, 583–84 (Or. 1977). In an ongoing case, the total costs are not yet known, so it is still possible that the costs could exceed the limits of the primary policies. So the holding of *Liberty Mutual* is not on point in this case.

ICSOP and AHAC also rely on *California Insurance Co. v. Stimson Lumber Co.*, No. 01-cv-514-HA, 2005 WL 627624 (D. Or. Mar. 17, 2005). In that case Judge Haggerty found a broad exhaustion requirement based on the following policy language:

> The company shall be liable only for that portion of the ultimate net loss, excess of the insured's retained limit defined as . . . The total of the applicable limits of the underlying policies listed on the schedule of underlying insurance hereof *and the applicable limits of any other underlying insurance providing coverage to the insured.*

*Id.* at *2.

Judge Haggerty italicized the language of the policy that he found crucial to his holding, language that is absent here. The same provision in this case reads: "The Company shall only be liable for the ultimate net loss the excess of . . . the limits of the underlying insurance as set out in the schedule in respect of such occurrence covered by said underlying insurances."

4 – OPINION AND ORDER

(ICSOP's and AHAC's Concise Statement of Material Fact (#84) 3.) Because this policy is more limited than the policy in *Stimson*, *Stimson*'s holding is not on point here.

## II. Balancing the Equities is Not Required

ICSOP and AHAC ask, without citation to authority, that I balance the equities in this case. They argue that their claim is "premised on the argument that both insurers have independent obligations to a common insured." (Objections (#106) 4.) A court will apply the principles of equity, such as balancing the equities, only when the parties have requested equitable relief. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318–19 (1999). Where, as here, the parties ask for what can be construed as either money damages or a declaration that a contract says money is owed, the claim is at law, not equity. *See* 26 C.J.S. *Declaratory Judgments* § 109 (2011). Because this is a suit at law, balancing the equities is not required.

## CONCLUSION

Upon review, I ADOPT Judge Jelderk's F&R (#104) as my own opinion, and I DENY the Motion for Partial Summary Judgment (#82).

IT IS SO ORDERED.

DATED this   29th   day of March, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

5 – OPINION AND ORDER