IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EVRAZ INC., N.A., a Delaware Corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>RIDDELL WILLIAMS P.S.<br><br>        v.<br><br>THE CONTINENTAL INSURANCE COMPANY, a Pennsylvania Corporation; CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, a Nebraska Corporation; CENTURY INDEMNITY COMPANY, a Pennsylvania Corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania Corporation; AMERICAN HOME ASSURANCE COMPANY, a New York Corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; NATIONAL | Civ. No. 3:08-cv-00447-AC<br><br>OPINION AND ORDER |

OPINION AND ORDER - 1                                          [RMD]

UNION FIRE INSURANCE COMPANY
OF PITTSBURGH PA, a Pennsylvania
company; RLI INSURANCE COMPANY,
an Illinois corporation; STONEWALL
INSURANCE COMPANY, a Nebraska
corporation; WESTCHESTER FIRE
INSURANCE COMPANY, a New York
corporation; WESTPORT INSURANCE
CORPORATION, a Missouri corporation;
ZURICH-AMERICAN INSURANCE
COMPANY, a New York corporation;

                Defendants,

THE CONTINENTAL INSURANCE
COMPANY, a Pennsylvania corporation,

                Third-Party Plaintiff,

      v.

INSURANCE COMPANY FOR THE
STATE OF PENNSYLVANIA, a
Pennsylvania corporation; and AMERICAN
HOME ASSURANCE COMPANY, a
foreign insurance company,

                Third Party Defendants,

CONTINENTAL INSURANCE
COMPANY, a Pennsylvania corporation,

                Counterclaimant,
      v.

EVRAZ OREGON STEEL MILLS, INC., a
Delaware corporation

                Counter Defendant,

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, a

OPINION AND ORDER - 2                               [RMD]

Pennsylvania corporation; and AMERICAN
HOME ASSURANCE COMPANY, a
foreign insurance company,

    Third-Party Plaintiffs,
 v.

TIG INSURANCE COMPANY;

    Third-Party Defendant,

TIG INSURANCE COMPANY;

    Counterclaimant,
 v.

CONTINENTAL INSURANCE
COMPANY, a Pennsylvania corporation,

    Counterdefendant.
_____

ACOSTA, Magistrate Judge:

*Introduction*

  Defendant and Third-Party Plaintiff Continental Insurance Company ("Continental") filed suit against Third-Party Defendant Fireman's Fund Insurance Company ("Fireman's Fund") claiming Fireman's Fund entered into a bad-faith settlement agreement with Evraz, Inc. ("Evraz"). Continental now seeks discovery from Fireman's Fund, and requests that the court compel Fireman's Fund to produce documents relevant to Continental's third-party claims. For the reasons discussed herein, the court grants Continental's motion to compel.

*Factual Background*

  Plaintiff Evraz, Inc., ("Evraz") a Delaware corporation that operates steel mills, owns several parcels of property in the Portland metropolitan area. In 1999 and 2000, the Oregon Department of Environmental Quality ("DEQ") and the United States Environmental Protection Agency ("EPA")

OPINION AND ORDER - 3                       [RMD]

notified Evraz that it was potentially liable for investigating and cleaning up environmental contamination at the Portland Harbor Superfund Site. Evraz has cooperated significantly with DEQ and the EPA, but has nonetheless incurred significant legal defense costs since the case began. Evraz tendered its defense to its insurers, and demanded reimbursement for previously-paid defense costs. In 2006, Evraz came to an agreement with Third-Party Defendant Fireman's Fund which extinguished its liability to Evraz. However, Evraz did not reach a settlement with Continental, and in 2008 Evraz filed suit against Continental for breach of contract.

In December 2011, Continental filed a third-party complaint against Fireman's Fund seeking contribution to Continental's potential liability to Evraz. (Dkt. No. 166.) Continental served Fireman's Fund with Requests for Production of Documents ("Request for Production") in December 2013. (Declaration of Kathryn Boling ("Boling Decl.") Ex. A.) Notably, Continental sought production of Fireman's Fund's case file relating to its insurance coverage of, and settlement with, Evraz (the "case file"). (Boling Decl. Ex. A.) Fireman's Fund refused to produce the case file and contended that the file, which is large enough to fill twenty-four boxes, "includes attorney-client and work product documents." (Boling Decl. Ex. B at 3.) Further, Fireman's Fund contended that it would face undue burden and expense in reviewing and redacting privileged material from the file because the request "is not reasonably calculated to lead to the discovery of admissible evidence." (Boling Decl. Ex. B at 3-4.) Continental now moves to compel Fireman's Fund to produce the case file.

### *Legal Standard*

The limits of discovery in a federal civil suit are articulated in Federal Rule of Civil Procedure 26 ("Rule 26"). According to Rule 26, "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense . . . ." For material to be discoverable, it need not be admissible in court. It must only be "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26. If a party fails to produce discoverable material requested by a party, the requesting party – after giving notice and an attempt to confer – may "move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1)

Although the Federal Rules of Civil Procedure encourage liberal discovery, the court retains discretion to limit discovery to serve the interests of justice and equity. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules" if the burden and expense of producing the requested documents would outweigh the likely benefit of production. FED. R. CIV. P. 26(b)(2)(C)(iii).

*Discussion*

Continental argues that the court should compel Fireman's Fund to produce the case file because its request is reasonably calculated to lead to discovery of admissible evidence. The case file, Continental argues, likely contains or would lead to admissible evidence relevant to its claim that Fireman's Fund entered into a settlement agreement with Evraz in bad faith. Fireman's Fund makes two arguments against production. First, it contends Continental's request is not reasonably calculated to lead to admissible evidence. Second, Fireman's Fund claims that the court should decline to compel production because requiring Fireman's Fund to review, redact, and produce its entire case file would be unduly burdensome and expensive. The court disagrees with Fireman's Fund's first argument, as a request for the case file is likely to lead to admissible evidence whether Evraz's settlement with Fireman's Fund was in good faith. However, the court must determine if denying Continental's motion to compel is nonetheless proper under Rule 26.

The court should limit discovery and deny a motion to compel if the burden and expense of producing the documents sought would outweigh the likely benefit. FED. R. CIV. P. 26. In determining the likely benefit of producing the documents requested, the court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the action; and (5) the importance of the discovery in resolving the issues. *Id*. Although the Federal Rules of Civil Procedure generally provide for "broad and liberal" discovery, the Supreme Court has instructed that liberal discovery must be tempered by the dictate of Federal Rule of Civil Procedure 1 that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *Herbert*, 441 U.S. at 177 (1979), *quoting* FED. R. CIV. P. 1. To that end, "judges should not hesitate to exercise appropriate control over the discovery process." *Id*.

First, the needs of the case would be furthered by allowing the requested discovery. Continental bears the evidentiary burden to support its claim that Fireman's Fund entered into the Evraz settlement agreement in bad faith. Oregon statutes provide that settlement agreements between an insurer and the insured are subject to a rebuttable presumption of good faith, which will require Continental to overcome that presumption. OR. REV. STAT. § 465.480(4)(b). Any evidence of bad faith, if it exists, would be in the case file. Second, the amount in controversy in this case is significant. Continental has paid Evraz more than $7.2 million in defense costs, and Evraz seeks an additional award of roughly $3 million. If Continental succeeds in its third-party claim, Fireman's Fund could be held liable for a portion of Evraz's $10 million defense. Thus, the amount in controversy in this case is large. Third, Fireman's Fund has the resources with which to comply with Continental's request. Fourth, the issue at stake in this discovery request weighs in favor of

production. The only issue relevant to Continental's third-party claim is whether Fireman's Fund entered into the Evraz settlement agreement in bad faith. That issue is central and dispositive to Continental's claim.

Finally, and similar to the first factor, the importance of the requested discovery to resolve the issues weighs in favor of compelling production. As mentioned previously, if evidence of bad faith exists at all, it will be found in this case file. Compelling production of the file could yield primary evidence of bad faith to support Continental's claim.

Because each of the five "likely benefit" factors weigh in favor of compelling production, the court concludes that the burden and expense of requiring Fireman's Fund to comply with Continental's request does not outweigh the likely benefit of producing those documents. Therefore, the court will grant Continental's Motion to Compel.

*Conclusion*

For the reasons discussed herein, the court GRANTS Continental's Motion to Compel (Dkt. No. 334).

IT IS SO ORDERED

DATED this 28th day of July, 2014

      /s/ John V. Acosta
      JOHN V. ACOSTA
      United States Magistrate Judge