IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EVRAZ INC., N.A., a Delaware Corporation,<br><br>            Plaintiff,<br><br>        v.<br><br>RIDDELL WILLIAMS P.S.<br><br>        v.<br><br>THE CONTINENTAL INSURANCE COMPANY, a Pennsylvania Corporation; CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, a Nebraska Corporation; CENTURY INDEMNITY COMPANY, a Pennsylvania Corporation; GRANITE STATE INSURANCE COMPANY, a Pennsylvania Corporation; AMERICAN HOME ASSURANCE COMPANY, a New York Corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; NATIONAL | Civ. No. 3:08-cv-00447-AC<br><br>FINDINGS AND RECOMMENDATION |

FINDINGS & RECOMMENDATION - 1                                                                                                         [RMD]

UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, a Pennsylvania company; RLI INSURANCE COMPANY, an Illinois corporation; STONEWALL INSURANCE COMPANY, a Nebraska corporation; WESTCHESTER FIRE INSURANCE COMPANY, a New York corporation; WESTPORT INSURANCE CORPORATION, a Missouri corporation; ZURICH-AMERICAN INSURANCE COMPANY, a New York corporation;

                    Defendants,

THE CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation,

                    Third-Party Plaintiff,

        v.

INSURANCE COMPANY FOR THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; and AMERICAN HOME ASSURANCE COMPANY, a foreign insurance company,

                    Third Party Defendants,

CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation,

                    Counterclaimant,

        v.

EVRAZ OREGON STEEL MILLS, INC., a Delaware corporation

                  Counter Defendant,

INSURANCE COMPANY OF THE

STATE OF PENNSYLVANIA, a
Pennsylvania corporation; and AMERICAN
HOME ASSURANCE COMPANY, a
foreign insurance company,

    Third-Party Plaintiffs,

 v.

TIG INSURANCE COMPANY;

    Third-Party Defendant,

TIG INSURANCE COMPANY;

    Counterclaimant,

 v.

CONTINENTAL INSURANCE
COMPANY, a Pennsylvania corporation,

    Counterdefendant.

---

ACOSTA, Magistrate Judge:

 Plaintiff Evraz, Inc. ("Evraz"), a Delaware corporation that operates steel mills, owns several parcels of property in the Portland metropolitan area. In 1999 and 2000, the Oregon Department of Environmental Quality ("DEQ") and the United States Environmental Protection Agency ("EPA") notified Evraz that it was potentially liable for investigating and cleaning up environmental contamination at the Portland Harbor Superfund Site. Evraz filed the present lawsuit against Hartford Fire Insurance Company ("Hartford"), Century Indemnity Company ("Century"), Westport Insurance Corporation ("Westport"), and others for defense costs and indemnification for Evraz's environmental liability. Now, Evraz and Hartford (collectively "Movants") have reached a good-faith settlement to extinguish Hartford's liability, pursuant to OR. REV. STAT. § 465.480(4). Evraz and Hartford now request the court approve the "good-faith settlement." Century and Westport do

not oppose the motion, but filed responses to preserve their right to seek offsets to Evraz's future recovery.

The Movants now ask the court to approve their good-faith settlement pursuant to OR. REV. STAT. § 465.480(4). An insurer who "has paid all or part of an environmental claim may seek contribution from any other insurer that is liable or potentially liable to the insured." OR. REV. STAT. § 465.480(4)(a). However, contribution may not be sought from an insurer who settles its liability with the insured. *Id.* "There is a rebuttable presumption that all binding settlement agreements" between the insured and an insurer are in good faith when those settlements have been approved by a court after thirty days' notice to the other insurers who may also be liable to the insured. OR. REV. STAT. § 465.480(4)(b). However, insurer defendants who do not settle the claims against them may seek offsets to the insured's eventual award to prevent a duplicative recovery. *See Alfiere v. Solomon*, 263 Or. App. 492, 504-05 (2014).

Here, Evraz has met the requirements of § 465.480(4), and the court should grant the Movants' Motion to Approve Settlement. The Movants agreed to permanently settle Evraz's claims against Hartford in exchange for $800,000.00 (Declaration of Crystal S. Chase in Support of Motion to Approve Settlement ("Chase Decl.") Ex. 1 ¶ 2.01), which is a significant sum. Further, in a letter dated January 6, 2014, Evraz wrote to is insurers that it had settled its claims with Hartford and to "provide notice of [Evraz's and Hartford's] intent to seek, pursuant to ORS 465.480(4), Court approval of their settlement agreement." (Chase Decl. Ex. 2 at 3.) The Movants filed their motion to approve the settlement on May 7, 2015, well beyond the date necessary to provide thirty days' notice as required by § 465.480. No party has produced evidence to rebut the statutory presumption of good faith.

FINDINGS & RECOMMENDATION - 4                                                                                          [RMD]

Because no party objects to the good-faith settlement, the court should grant the Movants' motion. However, the court should permit Century and Westport to raise the offset issue in the event either becomes liable for a final judgment in Evraz's favor.

*Conclusion*

For the aforementioned reasons, the court should GRANT Evraz's and Hartford's Unopposed Motion to Approve Settlement (Dkt. No. 368) and grant Century and Westport leave to move for offsets from Evraz's eventual recovery.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 19, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

This 2nd day of September, 2015

JOHN V. ACOSTA
United States Magistrate Judge