IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**EVRAZ INC., N.A.**, a Delaware Corporation,

       Plaintiff,

v.

**THE CONTINENTAL INSURANCE COMPANY,** a Pennsylvania Corporation, et al.,

       Defendants.

No. 3:08-cv-00447-AC

OPINION AND ORDER

---

**THE CONTINENTAL INSURANCE COMPANY,** a Pennsylvania Corporation,

       Defendant, Counterclaimant, and Third-Party Plaintiff,

v.

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**, a foreign insurance company, et al.,

       Defendants and Third-Party Defendants,

---

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**, a foreign insurance company and **AMERICAN HOME ASSURANCE COMPANY**, a foreign insurance company,

1 – OPINION AND ORDER

Defendants, Third-Party
Defendants, and Third-Party
Plaintiffs,

v.

**TIG INSURANCE COMPANY**, a foreign insurance company; and **DOES 1-10**,

Third-Party Defendants.

---

**MOSMAN, J.,**

On April 16, 2018, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [430], recommending that the settling parties' Motion for Settlement [410] should be GRANTED. He also recommended that the non-settling insurers should retain their equitable offset rights; the right to argue that the Settlement Agreement, and the resulting contribution bar, is limited to the one occurrence at the Rivergate Site; and the right to enforce the express terms of their excess insurance policies. Settling party Continental Insurance Company filed objections [432]. Non-settling parties Stonewall Insurance Company, Zurich-American Insurance Company, RLI Insurance Company, and Westport Insurance Company filed a joint response. [438].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of

the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [430] as my own opinion. The Motion [410] is GRANTED. The non-settling insurers will retain their equitable offset rights; the right to argue that the Settlement Agreement, and the resulting contribution bar, is limited to the one occurrence at the Rivergate Site; and the right to enforce the express terms of their excess insurance policies.

IT IS SO ORDERED.

DATED this 29 day of June, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge

3 – OPINION AND ORDER